UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Osvaldo R.-S., | No. 26-298 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Bondi, et al., | |
| Defendants. | |

This matter is before the Court on Petitioner Osvaldo R.-S.'s Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants the Petition and orders his immediate release.

## Background

Petitioner Osvaldo R.-S., a citizen of Venezuela, entered the United States in 2021.[2] He was encountered by Respondents, then released from custody under an order of release on recognizance issued pursuant to Section 236 of the Immigration and Nationality Act (INA) (codified at 8 U.S.C. § 1226). He alleges that he has neither missed any court appearances nor violated the "terms of his release on bond." [ECF 1, ¶ 15.] Osvaldo R.-S. was placed in removal proceedings, which were later dismissed. He has a pending application for asylum, which was filed in 2022. He asserts that he has no criminal history, and his attorney submitted documents demonstrating the lack of such a history in

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2] Osvaldo R.-S. filed a Verified Petition for a Writ of Habeas Corpus, accompanied by supporting documents. [ECF 1.] Respondents issued a timely response on a tight timeframe, and did not contest the factual or procedural assertions in the Petition. [ECF 4.] Therefore, the Court accepts the statements in the Petition, which are substantially corroborated by the supporting documents, as true for the purposes of its analysis.

Minnesota. He was arrested on January 14, 2025, in Minnesota, by ICE agents as part of Operation Metro Surge.

Respondents' position is that Osvaldo R.-S. is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not demonstrate that an administrative or judicial warrant was secured in support of Osvaldo R.-S.'s arrest, and they do not allege that he violated the conditions of his supervision, triggering its revocation. Similarly, they do not point to an alternate statutory basis for his detention.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Osvaldo R.-S. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The fact that Osvaldo R.-S. has applied for asylum does not change the Court's conclusion that detention is not supported under § 1225(b)(2). As U.S. District Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references is sound, and the Court declines to find that Osvaldo R.-S.'s application for asylum somehow converted his previous release under § 1226 into eligibility for mandatory detention under § 1225(b).

### Propriety of Immediate Release

Petitioner Osvaldo R.-S. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Id.* at *3. Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of a violation of Osvaldo R.-S.'s previous conditions of supervision, release is the correct remedy.

### ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. Such release shall be on the same terms and conditions that governed Osvaldo R.-S. through the original release order. If Osvaldo R.-S. was transferred out of the District of Minnesota, Respondents must immediately return him to the District for release.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 18, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge